UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

ANTHONY THOMAS WILLS, #505004, )
)
     Plaintiff, )  Case No. 1:12-cv-434
)
v. )  Honorable Paul L. Maloney
)
MELISSA BARBER, et al., )
)  **<u>REPORT AND RECOMMENDATION</u>**
     Defendants. )
_____)

    This is a civil rights action brought *pro se* by a state prisoner under 42 U.S.C. § 1983. Plaintiff's claims arise out of his confinement at the Ionia Maximum Correctional Facility (ICF). Richard Czop, M.D., and Physician's Assistant Michael Kennerly are two of the five remaining defendants in this lawsuit. Plaintiff alleges that in February 2012, he was poisoned by food loaf contaminated with toilet bowl cleaner. He alleges that on February 21, 2012, Physician's Assistant Kennerly violated his Eighth Amendment rights because Kennerly did not adequately address his "head issue" complaints. He alleges that on April 4 and May 14, 2012, Dr. Czop found nothing wrong with him, and that Czop and Kennerly violated his Eighth Amendment rights when they refused to order the MRI of his head that he desired. The matter is before the court on plaintiff's motion seeking a temporary restraining order or preliminary injunction ordering Dr. Czop and Physician's Assistant Kennerly to provide him with "proper" medical care. (docket # 91).

    Temporary restraining orders and preliminary injunctions are extraordinary remedies. *See Overstreet v. Lexington-Fayette Urban County Gov't*, 305 F.3d 566, 573 (6th Cir. 2002); *see*

*also* FED. R. CIV. P. 65. Because they are extraordinary remedies, such relief is only granted where movant carries his burden of proving that the circumstances clearly demand it. *Leary v. Daeschner*, 228 F.3d 729, 739 (6th Cir. 2000). The four factors this court is to consider on motions for a TRO or preliminary injunction are well-established. *See McNeilly v. Land*, 684 F.3d 611, 615 (6th Cir. 2012); *Ohio Republican Party v. Brunner*, 543 F.3d 357, 361 (6th Cir. 2008). None of the four factors weighs in favor of granting the extraordinary relief plaintiff requests.

Plaintiff asks the court to enter an order compelling Dr. Czop and Physician's Assistant Kennerly to provide him with "proper" medical care, including a "MRI of his head." (Plf. Brief at 1, 5, docket # 92). The evidence shows that plaintiff has received an extraordinary level of psychiatric and medical care at public expense. (*See* docket # 142). He has not demonstrated any deficiency in his medical and psychiatric care. He has not shown a strong likelihood of success on the merits of his claims. He has not shown that an injunction is necessary to prevent irreparable harm. It is unlikely that Dr. Czop and Physician's Assistant Kennerly have anything to do with plaintiff's current psychiatric and medical care. The Baraga Maximum Correctional Facility (AMF), plaintiff's current place of confinement (*See* docket # 157), is located more than 460 miles away from ICF. The public interest would not be served by granting the extraordinary relief plaintiff requests, and entry of such an order would constitute an unwarranted intrusion into the State's operation of its prisons. I recommend that plaintiff's motion be denied.

## **Recommended Disposition**

For the reasons set forth herein, I recommend that plaintiff's motion for a TRO or preliminary injunction (docket # 91) be denied.


Dated:   October 7, 2013          /s/  Joseph G. Scoville
                                  United States Magistrate Judge


## **NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b).  All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b).  Failure to file timely and specific objections may constitute a waiver of any further right of appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 458 (6th Cir. 2012); *United States v. Branch*, 537 F.3d 582, 587 (6th Cir. 2008).  General objections do not suffice.  *See McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006).