UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANTHONY THOMAS WILLS #505004,
Plaintiff,

-v-

MELISSA BARBER, ET AL.,
Defendants.

No. 1:12-cv-434

HONORABLE PAUL L. MALONEY

**ORDER ADOPTING REPORT AND RECOMMENDATION**

Plaintiff Anthony Wills, a prisoner under the control of the Michigan Department of Corrections ("MDOC"), filed a civil rights action against multiple defendants under 42 U.S.C. § 1983. Wills' complaint alleges that he was given inadequate medical care, that he was poisoned with toilet bowl cleaner, and that he was otherwise mistreated by corrections officers on a number of occasions. Defendants Czop and Kennerly filed a motion for summary judgment (ECF No. 140) and a motion to dismiss based on failure to exhaust administrative remedies (ECF No. 104). Defendants Fair, Barber, and Martin also filed motions for summary judgment based on failure to exhaust administrative remedies (ECF Nos. 71 and 117). The magistrate judge reviewed the record and issued a report recommending that the Rule 12(b)(6) motion be dismissed without prejudice but that the remaining motions for summary judgment be granted and the claims dismissed. (ECF No. 168.) Plaintiff timely filed objections (ECF No. 172).

After being served with a report and recommendation (R&R) issued by a magistrate judge, a party has fourteen days to file written objections to the proposed findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). A district court judge reviews *de novo* the portions of the R&R to which objections have been filed. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Only those objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*,

806 F.2d 636, 637 (6th Cir. 1986) (per curiam) (holding the district court need not provide de novo review where the objections are frivolous, conclusive or too general because the burden is on the parties to "pinpoint those portions of the magistrate's report that the district court must specifically consider"). Failure to file an objection results in a waiver of the issue and the issue cannot be appealed. *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005); *see also Arn*, 474 U.S. at 155 (upholding the Sixth Circuit's practice). The district court judge may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Here, having reviewed the objections de novo, the Court finds the report and recommendation accurately states the applicable facts and correctly applies the relevant law.

Wills does not raise any objections to the disposition of the motions brought by Defendants Czop and Kennerly. Accordingly, the report and recommendation is adopted as the opinion of the Court concerning Czop and Kennerly's motion for summary judgment (ECF No. 140) and motion to dismiss (ECF No. 104).

Wills raises a number of objections in his petition relating to the administrative exhaustion of his claims against Defendants Fair, Barber, and Martin. Wills' first objection reveals two typos in the report and recommendation; the grievance referred to on pages 25-26 of the report was filed on April 2, 2012 rather than April 4, 2012, and should be identified as ICF-12-04-0561-28E rather than ICF-12-04-0561-21E. However, the references to the record demonstrate that the magistrate judge analyzed the administrative exhaustion of the correct grievance. Thus, the correction of these typos does not impact the ultimate determination that the grievance was not exhausted prior to the filing of this lawsuit.

The remaining objections merely restate his claims in general terms, and Wills provides no

case law or factual basis to call into question the magistrate judge's conclusions. Wills admits that he did not exhaust his grievances, but argues again that prison staff obstructed his use of the grievance procedures. After a de novo review of the record, the Court agrees with the magistrate judge that this argument is untenable given Wills' prolific use of the grievance system and opportunity to file grievances upon his transfer. (*See* ECF No. 168 at pg. 25 and n.10.) Ultimately, the Court finds the findings of fact in the report and recommendation supported by the record. The Court also finds the conclusions of law sound and the recommended disposition of the motions persuasive.

Therefore, the Report and Recommendation (ECF No. 168) is **ADOPTED** over objections, as the opinion of this Court. Defendants Czop and Kennerly's motion to dismiss (ECF No. 104) is **DISMISSED WITHOUT PREJUDICE.** Defendants Czop and Kennerly's motion for summary judgment (ECF No. 140) is **GRANTED** and judgement will enter in their favor. Defendant Fair's motion for summary judgment (ECF No. 71) is **GRANTED**. Defendants Barber and Martin's motion for summary judgment (ECF No. 117) is **GRANTED**. Plaintiff's claims against Barber, Martin, and Fair are **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**.

Date: August 15, 2014

/s/ Paul L. Maloney
Paul L. Maloney
Chief United States District Judge